1
2
3
4
5
6
7
8      UNITED STATES DISTRICT COURT
9      WESTERN DISTRICT OF WASHINGTON
              AT SEATTLE

10   THE PAINTED WORD, LLC,

11                  Plaintiff,
                                            CASE NO. C04-2229C
12          v.
                                            ORDER
13   HALEY'S COTTAGE; CYNTHIA SULLIVAN
     and TIMOTHY SULLIVAN, her husband, and
14   the marital community thereof,

15                  Defendants.

16   I.     INTRODUCTION

17          This matter has come before the Court on Plaintiff's motion for a default judgment (Dkt. No. 7)

18   and on Defendants' motion to vacate the clerk's entry of default (Dkt. No. 14).  Having carefully

19   considered the papers filed by the parties in support of and in opposition to the motions, the Court hereby

20   DENIES Plaintiff's motion for default judgment and GRANTS Defendants' motion to vacate the clerk's

21   entry of default.

22   II.    BACKGROUND

23          Plaintiff is a developer, producer, marketer, and distributor of "unique painted word signs."

24   (Compl. ¶ 7.) Defendant Haley's Cottage, owned and operated by Defendant Cynthia Sullivan, is a retail

25

26   ORDER – 1

store specializing in gifts and home decor, and had formerly carried Plaintiff's painted word signs in its retail outlets. Plaintiff alleges that Cynthia Sullivan began to produce her own painted word signs for sale at Haley's Cottage, and that these signs were identical or nearly identical to Plaintiff's signs.

Plaintiff filed its complaint on October 28, 2004. Service of summons and a copy of the complaint was effected on Defendant Haley's Cottage on November 11, 2004. Cynthia Sullivan responded with a letter to Plaintiff's counsel sometime in December 2004. She also claims that in February 2005, after receiving a proposed joint status report, Ms. Sullivan re-sent the letter to Plaintiff's counsel, followed up by a voicemail asking Plaintiff's counsel whether the letter was a sufficient response. She received no reply.

Plaintiff filed its motion for entry of default on May 20, 2005. The docket reflects no appearance on Defendants' part until May 24, 2005 (Dkt. No. 13). Defendants now move to vacate the Clerk's entry of default against Defendants.

III.   ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause shown. In the Ninth Circuit, a showing of good cause contains three elements: "(1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). *See also Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (explaining that a showing of good cause must include all three factors).

However, prior to addressing the Rule 55(c) analysis, the Court must determine whether the Clerk's entry of default was proper. If Defendants may be found to have "appeared" prior to entry of default, the default is void *ab initio*. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988). The Ninth Circuit has recognized that principle that although "[n]ormally, an appearance in an action 'involves some presentation or submission to the court,'" because

ORDER – 2

"judgments by default are disfavored, 'a court will usually try to find that there has been an appearance by defendant.'" *Id.* The *Direct Mail* court cited a case in which a defendant had been found to have appeared where "the parties had exchanged a number of letters and had a series of meetings, and neither party had any doubt the suit would be contested if they did not reach a satisfactory settlement." *Id.* (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir. 1970).) The *Direct Mail* court also noted that the Ninth Circuit had previously declined to find an appearance under *H.F. Livermore* where a party had sent only one letter partially responsive to the complaint and where there had been no settlement negotiations. *Id.* (citing *Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366 (9th Cir. 1977).) Ultimately, the *Direct Mail* court concluded that the critical question is whether the defendant's actions demonstrate a clear purpose to defend the suit. *Id.*

In the case at bar, Plaintiff alleges, and Defendants do not contest, that Defendants discharged their attorneys shortly before the commencement of this litigation and following active settlement negotiations and notice that this action was about to be commenced. The parties also agree that Ms. Sullivan responded to the complaint in the form of a letter. However, under the standard followed in *Direct Mail*, the Court must find that this litigation-related activity on Ms. Sullivan's part is insufficient to constitute an "appearance" voiding the entry of default. Like the case at bar, *Direct Mail* considered a situation in which settlement negotiations had only been conducted prior to and on the day that summons was served. The *Direct Mail* court found that from the day after process was served, there was no indication that the defendant intended to defend the lawsuit. Ms. Sullivan's letters notwithstanding, *see Wilson*, 564 F.2d 366, the Court concludes that Defendants did not appear in this action and that the Clerk's entry of default was proper.

The Court now turns to the Rule 55(c) analysis. Defendants argue that the conduct leading to the entry of default should not be considered culpable conduct. Ms. Sullivan claims that she thought her letters to Plaintiff's counsel constituted a sufficient response to Plaintiff's complaint and that she thought the matter was going to be dropped. The Ninth Circuit's definition of culpable conduct requires

ORDER – 3

affirmatively bad behavior rather than mere neglectfulness. *TCI Group*, 244 F.3d at 698 (citing cases dealing with "conduct which hindered judicial proceedings" and conduct for which the excuse was weak, but was "not the result of deviousness or willfulness"). In light of this standard, and without more of a showing that Defendants' failure to appear was the result of willfully bad behavior, the Court finds that Defendants are not culpable in a manner precluding Rule 55(c) relief.

The second element inquires into whether Defendants have a meritorious defense to the allegations. Defendants's briefing on this motion and their motion to dismiss Plaintiff's copyright claim satisfy the Court that Defendants have a potentially meritorious defense sufficient to justify Rule 55(c) relief. Defendants allege, and Plaintiff fails to substantively contest, that Plaintiff's copyright infringement claims may be facially invalid for lack of subject matter jurisdiction. *See Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1111 (W.D. Wash. 2004) (explaining that a district court does not have jursidiction over an infringement claim until the Copyright Office grants the registration). In addition, Defendants raise other potentially meritorious claims about the sufficiency of Plaintiff's Lanham Act claims. For these reasons, the Court finds that Defendants have made a successful showing of the second element.

Finally, the last element inquires whether vacation of the entry of default will cause undue prejudice. In the context of setting aside a judgment, governed by the same standard as the setting aside of entry of default, *see TCI Group*, 244 F.3d at 696, "to be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered," *id*. (citation omitted). Here, Plaintiff objects that "[e]very day that Defendant is allowed to continue to infringe on Plaintiff's trade dress and designs causes serious and irreparable harm to Plaintiffs, their business, and to the goodwill associated with Plaintiff's trade dress and designs." (Pl.'s Resp. at 4.) This description of the "prejudice" suffered does not include any hardship other than the hardship Plaintiff would have suffered had default not been entered. For this reason, the Court finds that Plaintiff has failed to show that its ability to pursue its claim will be adversely

ORDER – 4

1  affected by setting aside the entry of default.  Accordingly, Plaintiff has failed to show that it will suffer
2  undue prejudice.
3        For these reasons, the Court finds that Defendants have made a showing of good cause sufficient
4  to justify the setting aside of the entry of default pursuant to Rule 55(c).
5  IV.    CONCLUSION
6        In accordance with the foregoing, the Court hereby GRANTS Defendants' motion to vacate the
7  Clerk's entry of default and DENIES Plaintiff's motion for default judgment.

      SO ORDERED this 14th day of June, 2005.

                                               *[signature]*
                                        UNITED STATES DISTRICT JUDGE

ORDER – 5