UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE PAINTED WORD, LLC,

　　　　　Plaintiff,

　　v.

HALEY'S COTTAGE; CYNTHIA SULLIVAN and TIMOTHY SULLIVAN, her husband, and the marital community thereof,

　　　　　Defendants.

CASE NO. C04-2229C

ORDER

　　This matter has come before the Court on Defendants' motion to dismiss Plaintiff's copyright claim for lack of subject matter jurisdiction (Dkt. No. 17). Having carefully considered the papers filed in support of and in opposition to the motion, the Court hereby GRANTS the motion to dismiss the copyright claim.

　　Plaintiff is a developer, producer, marketer, and distributor of "unique painted word signs." (Compl. ¶ 7.) Defendant Haley's Cottage, owned and operated by Defendant Cynthia Sullivan, is a retail store specializing in gifts and home decor, and had formerly carried Plaintiff's painted word signs in its retail outlets. Plaintiff alleges that Cynthia Sullivan began to produce her own painted word signs for sale at Haley's Cottage, and that these signs were identical or nearly identical to Plaintiff's signs. Plaintiff has

ORDER – 1

now conceded that this Court lacks jurisdiction over its copyright claim because its copyright applications are still pending. Therefore, Plaintiff's copyright claim is hereby DISMISSED.

Defendants' motion also suggests that Plaintiff's Lanham Act claims should be dismissed for failure to state a claim. (Mot. at 3.) More specifically, Defendants point out that Plaintiff's complaint fails to allege any effect from the alleged infringement on interstate commerce. *See Thompson Tank & Mfg. Co. v. Thompson*, 693 F.2d 991, 993 (9th Cir. 1982) (explaining that intrastate commercial activity it must be shown to have an effect on interstate commerce in order to trigger liability under the Lanham Act).

In a 12(b)(6) analysis, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Dismissal is warranted "only if it appears to a certainty that [plaintiff] would be entitled to no relief under any state of facts that could be proved." *Id*. Despite the liberal pleading standard, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).

The complaint in this matter alleges that Plaintiff "has, from a date long prior to any date upon which Defendants can rely, developed, produced, marketed and distributed unique painted word signs through Washington state. . . .In addition to its website and word-of-mouth advertising, [Plaintiff] has promoted its painted words [sic] signs throughout the country." (Compl. ¶¶ 8, 10.) Plaintiff's allegations with respect to Defendants' business activities state only that Defendant Haley's Cottage is a Washington business with places of business in Washington state. The harm alleged is stated only in a general manner (*e.g.*, "serious and irreparable harm to [Plaintiff] and to the goodwill associated with [Plaintiff's] trade dress and copyrighted designs") and does not specify that the harm done is interstate in nature. Where, as here, both parties are Washington businesses and appear to conduct all of their business in Washington (except for the nationwide promotion referred to by Plaintiff), and the sale of the allegedly infringing products occurs only in Washington, there is no basis upon which the Court may draw the statutorily

ORDER – 2

necessary inference that the alleged infringement has an interstate effect. For this reason, the Court must conclude that Plaintiff's complaint, as currently drafted, fails to state a Lanham Act claim.

Despite this finding, because Defendants' motion did not expressly seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff may either submit a written memorandum in opposition to dismissal under this rule or amend its complaint to cure the deficiency. Plaintiff's memorandum or amended complaint must be filed within twenty (20) days of entry of this order.

SO ORDERED this 23rd day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 3